UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH WAYNE LEAMING,

               Plaintiff,

   v.

J. SIMMONS, *et al*.,

               Defendants.

Case No. C13-759-JCC-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Kenneth Wayne Leaming is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Terre Haute, Indiana. Plaintiff initiated this action while he was confined at the Federal Detention Center in SeaTac, Washington (FDC SeaTac). Plaintiff alleged in his pleadings violations of his constitutional rights arising out of the conditions of his confinement at FDC SeaTac. Plaintiff also alleged that his detention pursuant to a then pending criminal action was unlawful. Based on the allegations set forth in plaintiff's pleadings, this Court determined that this action was most properly construed as one brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and that, so construed, plaintiff had not adequately alleged any viable cause of action.

REPORT AND RECOMMENDATION - 1

Plaintiff was granted an opportunity to file an amended complaint in order to cure deficiencies in his original pleadings, but he has not done so and the time for doing so has now passed. Accordingly, this Court recommends that plaintiff's original and supplemental pleadings, and this action, be dismissed prior to service pursuant to 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief may be granted.

## DISCUSSION

Plaintiff initiated this action in April 2013 by filing a complaint for damages and for declaratory and injunctive relief in the United States District Court for the District of Columbia. (*See* Dkt. 1.) Plaintiff alleged therein that four employees at FDC SeaTac had violated his due process rights in relation to a disciplinary proceeding that took place in January 2013. (*See id.*) The case was subsequently transferred to this district and plaintiff thereafter filed a supplemental pleading entitled "Amended Claims For: Contract Enforcement; Violation(s) of Due Process; Retaliation for Exercise of Protected Rights; Human Trafficking; Conspiracy Against Rights; etc.." (*See* Dkts. 3 and 9.) Plaintiff identified in his supplemental pleading an additional six defendants and a number of additional claims for relief including more claims concerning disciplinary proceedings, claims regarding interference with his mail and with his right to religious freedom, and claims challenging the validity of his confinement under criminal case number CR12-5039-RBL. (*See* Dkt. 9.)

On November 6, 2013, this Court issued an Order declining to serve plaintiff's pleadings and granting him leave to file an amended complaint to correct certain specified deficiencies. (Dkt. 21.) The primary deficiencies noted by the Court in its Order concerned plaintiff's failure to allege specific facts demonstrating that each named defendant had personally participated in causing him harm of federal constitutional dimension. (*Id*. at 3-4.) The Court also noted that

REPORT AND RECOMMENDATION - 2

any claim for damages based on plaintiff's alleged unlawful detention was premature because plaintiff had not demonstrated that his confinement had been invalidated in any way, a prerequisite for any civil rights claim that calls into question the lawfulness of a prisoner's confinement. *See Heck v. Humphrey*, 512 U.S. 47, 489 (1994).

Plaintiff was granted thirty days within which to file an amended complaint curing the deficiencies identified by the Court and was advised that his failure to do so would result in a recommendation that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B). Plaintiff has not filed an amended complaint.

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff has not adequately alleged a cause of action against any of the named defendants, this Court recommends that plaintiff's original and supplemental pleadings, and this action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 4th day of February, 2014.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3